UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ABRAHAM SHITRAI ISRAEL, A.R.,

       Plaintiff,

  v.

MARTIN O'MALLEY, et al.,

       Defendants.

24-CV-86-LJV
ORDER

---

On November 12, 2024, this Court directed the plaintiff, Abraham Shitrai Israel, A.R., to respond by December 3, 2024, to the motion to dismiss filed by the defendants, Martin O'Malley and Mrs. Darling. Docket Item 22. On December 2, 2024, Israel filed a "memorandum of law in support of [p]laintiff's reply and motion for a pretrial scheduling order . . . or, in the alternative, for summary judgment." Docket Item 23 at 2.

Although Israel's filing is titled as a "reply," it does not appear to respond to the defendants' motion to dismiss and more accurately seems to be a motion for a court conference, scheduling order, and summary judgment. For the reasons that follow, those motions are denied without prejudice.

Israel's basis for either a court conference or a scheduling order is that he "is being cheated of due process of law and deprived of discovery materials by the [d]efendants who ha[ve] not properly served [Israel] of any rebuttals or court filings." *Id.* at 5. Federal Rule of Civil Procedure 5(b)(2)(C) provides that a written motion may be served on a party by "mailing it to the person's last known address" and that "service is complete upon mailing." As the Court previously has noted, the defendants filed a

certificate of service alongside their motion to dismiss certifying that they had mailed a copy of that motion, as well as the accompanying memorandum of law and declaration, to Israel at the address he provided the Court.  See Docket Item 17.

Israel also says that a scheduling order is required under Federal Rule of Civil Procedure 16.  Although he is correct that Rule 16 typically requires the issuance of a scheduling order "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared," a court need not do so if "finds good cause for delay."  Fed. R. Civ. P. 16(b)(2).  Given the pending motion to dismiss, which may completely dispose of the case or narrow the issues in dispute, the Court concludes that such good cause exists.  Accordingly, a scheduling order in this case is not necessary prior to a ruling on the defendants' motion to dismiss.

Finally, as to Israel's motion for summary judgment, that motion is premature in light of the fact that a motion to dismiss remains pending and no discovery has been conducted.  See, e.g., Sanchez v. Nassau County, 2019 WL 2438652, at *4 (E.D.N.Y. Feb. 28, 2019) (denying pro se motion for summary judgment as premature where no discovery had been conducted and discovery was stayed); Casey v. Pallito, 2014 WL 1653147, at *1-2 (D. Vt. Apr. 23, 2014) (denying pro se motion for summary judgment on the grounds that "discovery is yet to commence").  Israel is also advised that if he does later move for summary judgment, he must comply with the Local Rules of Civil Procedure, which require the party moving for summary judgment to file "a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried,"  Loc. R. Civ. P. 56(a)(1), and a notice of motion, Loc. R. Civ. P. 7(a)(1).

**CONCLUSION**

In sum, Israel's motions for a court conference, scheduling order, and summary judgment, Docket Item 23, are DENIED without prejudice. If circumstances change and warrant such motions, Israel may refile them.

Israel was originally due to respond to the defendants' motion to dismiss by November 19, 2024. Docket Item 18. This Court already has granted Israel an extension of time to respond to that after he filed an unrelated motion for summary judgment. Docket Item 22. In light of Israel's *pro se* status, the Court will give him one more opportunity to substantively respond to the points raised in the motion to dismiss. Israel shall respond on or before December 23, 2024. The defendants may reply on or before January 6, 2025. No further extensions of time to respond to the motion to dismiss will be granted absent good cause.

SO ORDERED.

Dated:  December 9, 2024
         Buffalo, New York

                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE