UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ABRAHAM SHITRAI ISRAEL, A.R.,

    Plaintiff,

v.

MARTIN O'MALLEY et al.,

    Defendants.

24-CV-86-LJV
ORDER

---

The pro se plaintiff, Abraham Shitrai Israel, A.R., commenced this action on January 24, 2024, raising claims related to the "den[ial]" of "a PASS application (Plan to Achieve Self-Support)."  *See* Docket Item 1 at 4.  In addition, Israel moved to proceed in forma pauperis—that is, without paying fees or costs.  *See* Docket Item 2.  After this Court granted that motion, Docket Item 3, the defendants moved to dismiss the complaint, Docket Item 16, and that motion remains pending.

In the meantime, Israel filed a "'Sharpe' Motion to Mandate Decision and/or Interim Benefits by the Commissioner of Social Security."  Docket Item 30.  He later submitted a "Letter & Sharp[e] Motion Response of Exhibits with Redacted Information 'under protest and w/o prejudice,'" attaching two Social Security Administration documents.  Docket Item 32.  In light of Israel's pro se status, the Court will consider that submission in deciding his motion.

"Individuals who believe that their disability insurance benefit and [Supplemental Security Income] claims are being unreasonably delayed by the Social Security Administration may file a motion in federal district court seeking relief.  This type of

motion is commonly referred to in this district as a 'Sharpe motion.'" *Jackson v. Colvin*, 2014 WL 6908895, at *1 (W.D.N.Y. Dec. 9, 2014) (citation and italics omitted); *see also Williams ex rel. AK v. Astrue*, 2009 WL 3334352, at *3 (N.D.N.Y. Oct. 14, 2009) ("The court's decision in *Sharpe* and subsequent orders in that class action provide for notice to individual applicants for Supplemental Security Income (SSI) that they may apply to the [d]istrict [c]ourt for relief in cases where the administrative delay in reaching a decision is 'unreasonable.'" (citing, inter alia, *Sharpe v. Harris*, 621 F.2d 530 (2d Cir. 1980)).

The United States District Court for the Western District of New York makes available to pro se litigants a blank "Sharpe Motion" form and separate instructions for filing a "Sharpe Motion."[1]  In both his "Sharpe Motion," Docket Item 30, and his subsequent submission, Docket Item 32, Israel includes a "Sharpe Motion" form from the United States District Court for the Northern District of New York.  But neither submission provides the Court with the information it needs to decide whether Israel has experienced an unreasonable delay in waiting for the Social Security Administration to make a decision.

Before an applicant is entitled to relief based on "unreasonable" administrative delay, he or she must submit proof that a decision has been delayed.  For that reason, the Northern District of New York form that Israel submitted asks the movant to provide the date of receipt of a letter from the Commissioner of Social Security "advising . . . that a decision has not been timely made." *See* Docket Item 30 at 1; Docket Item 32 at 4; *see also Flores v. Comm'r of Social Sec.*, 2025 WL 1468161, at *1 (N.D.N.Y. May 22,

---

[1] Both forms are available at: https://www.nywd.uscourts.gov/pro-se-forms.

2025) (explaining that plaintiff had not submitted "the letter this Court seeks when proceeding pursuant to a [']Sharpe [M]otion['], despite the [NDNY ']Sharpe [M]otion['] form she used listing this requirement" (citation and internal quotation marks omitted)); *Williams*, 2009 WL 3334352, at *4 ("In this case, there is no indication that petitioner received a formal 'Sharpe' notice from the Commissioner [of Social Security].").

For its part, this District's "Sharpe Motion" form asks the movant for the date the movant was "informed by the Social Security Administration of [the movant's] right to request" an order on a "Sharpe Motion."  *See* Sharpe Motion Form, available at: https://www.nywd.uscourts.gov/sites/nywd/files/ProSe_Forms_Sharpe_Motion_Form _2013.pdf.  Moreover, the corresponding instruction form explicitly directs the movant to "[a]ttach a copy of the letter from the Social Security Administration advising you of your right to file this motion."  *See* Sharpe Motion Instructions, available at: https://www.nywd.uscourts.gov/sites/nywd/files/ProSe_Forms_sharpe_motion _instructions.pdf.

In both submissions, Israel says that the relevant letter from the Social Security Administration was issued on January 23, 2024, but he does not attach any letter advising "that a decision has not been timely made" or addressing his "right to file this motion."  *See* Docket Items 30 and 32.  In fact, Israel did not attach any documents to his "Sharpe Motion," *see* Docket Item 30, and while he attached two documents from the Social Security Administration to his second submission, Docket Item 32, neither are dated January 23, 2024, or say anything about a decision not having been timely made, *see* Docket Item 32 at 2-3.

3

Accordingly, and without passing on the merits of the claims in Israel's complaint, the Court DENIES his "Sharpe Motion," Docket Item 30, without prejudice. If Israel has in fact received a letter from the Social Security Administration advising him that a decision has not been timely made, he may provide that information to the Court in a renewed "Sharpe Motion." The Court will decide the defendants' pending motion to dismiss, Docket Item 16, by separate order.[2]

---

[2] After the Court provided him with multiple extensions of time to respond to the defendants' motion to dismiss, Israel ultimately filed a "Letter Motion Response." *See* Docket Item 28. But that response did not substantively address any of the defendants' arguments and instead "request[ed] another judge." *See id.* at 1-2.

"Under 28 U.S.C. § 144, a litigant may seek recusal of a judge if the litigant files 'a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party.'" *Adams v. Taylor*, 643 F. Supp. 3d 392, 393 (W.D.N.Y. 2022). In addition, "[t]itle 28 U.S.C. § 455(a) requires a judge to recuse himself 'in any proceeding in which his impartiality might reasonably be questioned.'" *Cox v. Onondaga Cnty. Sheriff's Dep't*, 760 F.3d 139, 150 (2d Cir. 2014); *see also Myers v. New York*, 2017 WL 6408721, at *2 (N.D.N.Y. Sept. 28, 2017) ("Sections 144 and 455 are complementary, and the grounds for disqualification are the same under both statutes."). "Recusal motions are committed to the sound discretion of the district court." *Adams*, 643 F. Supp. 3d at 391 (alterations, citation, and internal quotation marks omitted).

Israel has not provided good reason for this Court to recuse itself. He complains that the Court did not "strike personal identifiers such as [his] social security number [that he] forgot to remove from [his] submission." *See* Docket Item 28 at 1-2. But after learning that the submission Israel references included "personally identifiable information," the Court in fact sealed that submission and ordered Israel to provide a redacted version. *See* Docket Item 31. Moreover, although Israel also complains that the Court has ignored the "clear evidence of fraud" that he has provided, Docket Item 28 at 1, the Court has not even ruled on the defendants' motion to dismiss. Accordingly, the Court declines to grant Israel's request for "another judge."

Because of Israel's pro se status, the Court will give him one final opportunity to respond to the arguments raised in the defendants' motion to dismiss, Docket Item 16. Israel may respond by August 12, 2025, and if he does, the defendants may reply by August 26, 2025.

SO ORDERED.

Dated: July 22, 2025
       Buffalo, New York


                                          /s/ Lawrence J. Vilardo
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE